Case No.: CV- 2103035

Dept. No.: 1

# IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WHITE PINE

* * * * *

BAKER RANCHES, INC., a Nevada corporation, DAVID JOHN ELDRIDGE AND RUTH ELDRIDGE, as Co-Trustees of the DAVID JOHN ELDRIDGE AND RUTH ELDRIDGE FAMILY LIVING TRUST, dated January 31, 2007; ZANE JORDAN; and JUDEE SCHALEY,

    Plaintiffs,

vs.

DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior, the UNITED STATES DEPARTMENT OF THE INTERIOR, SHAWN BENGE, in his official capacity as Acting Director of the National Park Service, the NATIONAL PARK SERVICE, and JAMES WOOLSEY, in his official capacity as Superintendent of the Great Basin National Park,

    Defendants.

_____/

## SUMMONS

**TO THE DEFENDANT: UNITED STATES DEPARTMENT OF THE INTERIOR**

YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU <u>RESPOND IN WRITING</u> WITHIN 21 CALENDAR DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.

A civil Complaint has been filed by the plaintiff(s) against you for the relief as set forth in the Complaint.

1. If you intend to defend this lawsuit, you must do the following within 21 calendar days after service of this summons, exclusive of the day of service:

   a. File with the Clerk of the Court, whose address is shown below, a formal written answer to the complaint, along with the appropriate filing fees, in accordance with the rules of the Court, and;

   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.

2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint.

NICHOLE BALDWIN
CLERK OF THE COURT

By: ___Tayton Adams___  3-19-21
County Clerk                    Date
Seventh Judicial District Court
White Pine County
801 Clark Street, Suite 4
Ely, NV 89301

Issued at the request of:

DEBBIE LEONARD (NSBN 8260)
LEONARD LAW, PC
955 S. Virginia St., Suite 220
Reno, Nevada 89502
Telephone: (775) 964-4656
Email: debbie@leonardlawpc.com

2

Case No.: CV-2103035

Dept. No.: 1

FILED
2021 MAR 19 PM 4:09
NICHOLE BALDWIN
WHITE PINE COUNTY CLERK
BY ___DA___
DEPUTY

RECEIVED
MAR 19 2021
WHITE PINE CO CLERK

IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WHITE PINE

* * * * *

BAKER RANCHES, INC., a Nevada corporation, DAVID JOHN ELDRIDGE AND RUTH ELDRIDGE, as Co-Trustees of the DAVID JOHN ELDRIDGE AND RUTH ELDRIDGE FAMILY LIVING TRUST, dated January 31, 2007; ZANE JORDAN; and JUDEE SCHALEY,

    Plaintiffs,

vs.

DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior, the UNITED STATES DEPARTMENT OF THE INTERIOR, SHAWN BENGE, in his official capacity as Acting Director of the National Park Service, the NATIONAL PARK SERVICE, and JAMES WOOLSEY, in his official capacity as Superintendent of the Great Basin National Park,

    Defendants.

**COMPLAINT IN EQUITY TO ENFORCE BAKER-LEHMAN DECREE**

COMES NOW, Plaintiffs BAKER RANCHES, INC. ("Baker Ranches"), DAVID JOHN ELDRIDGE AND RUTH ELDRIDGE, as Co-Trustees of the DAVID JOHN ELDRIDGE AND RUTH ELDRIDGE FAMILY LIVING TRUST, dated January 31, 2007; ZANE JORDAN; and JUDEE SCHALEY (collectively, "Plaintiffs"), by and through their undersigned attorney, Debbie Leonard of Leonard Law, PC, states their complaint against the

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

United States Department of the Interior, the National Park Service, and the Great Basin National Park as follows:

## PARTIES

1. Plaintiff Baker Ranches, Inc. is a Nevada corporation that owns, holds, maintains, and is the lawful successor in interest to water rights that were adjudicated and decreed pursuant to the Findings of Fact, Conclusions of Law and Decree entered on October 16, 1934, as corrected nunc pro tunc on February 23, 1950, in Case No. 2874, *In the Matter of the Determination of the Relative Rights in and to the Waters of Baker and Lehman Creeks and Tributaries in the County of White Pine, State of Nevada* ("the Decree") to irrigate farming and grazing lands in White Pine County, Nevada. Baker Ranches' principal place of business is in White Pine County, Nevada.

2. Plaintiffs David John Eldridge and Ruth Eldridge, as co-trustees of the David John Eldridge and Ruth Eldridge Family Living Trust, dated January 31, 2007, are residents of Baker, Nevada. The Eldridge Family Living Trust owns, holds, maintains, and is the lawful successor in interest to water rights that were adjudicated and decreed pursuant to the Decree to irrigate farming and grazing lands in White Pine County, Nevada.

3. Plaintiff Zane Jordan is a resident of Ely, Nevada. Mr. Jordan owns, holds, maintains, and is the lawful successor in interest to water rights that were adjudicated and decreed pursuant to the Decree to irrigate farming and grazing lands in White Pine County, Nevada.

4. Plaintiff Judee Schaley is a resident of Ely, Nevada. Ms. Schaley owns, holds, maintains, and is the lawful successor in interest to water rights that were adjudicated and decreed pursuant to the Decree to irrigate farming and grazing lands in White Pine County, Nevada.

5. Defendant Deb Haaland is the Secretary of the United States Department of the Interior. As Secretary, she is responsible for the direction and supervision of all operations and activities in the Department of the Interior, including those taken by the National Park Service.

6. Defendant United States Department of the Interior is a Cabinet-level agency of the U.S. government that manages some of America's natural and cultural resources, including the Great Basin National Park ("the Park") and that claims to be the successor-in-interest to certain water rights that were adjudicated and decreed pursuant to the Decree.

7. Defendant Shawn Benge is the Acting Director of the National Park Service and is sued in his official capacity. As Acting Director, Mr. Benge is responsible for the direction and supervision of all operations and activities of the National Park Service, including those in the State of Nevada.

8. Defendant National Park Service ("NPS") is an agency of the United States Department of the Interior charged with managing Great Basin National Park.

9. Defendant James Woolsey is the Superintendent of the Great Basin National Park and is sued in his official capacity. As Superintendent, Mr. Woolsey is responsible for the direction and supervision of all operations and activities in the Great Basin National Park. In that capacity, Mr. Woolsey and his agents and employees are charged with complying with the Decree.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court pursuant to Nev. Const. art. 6, §6, the Court's equitable jurisdiction to enforce its own decrees and NRS 533.450(1).

11. Defendants have waived sovereign immunity pursuant to 43 U.S.C. §666(a) and by virtue of holding water rights adjudicated under the Decree.

12. Venue is proper in this Court because this Court entered the Decree and maintains jurisdiction to enforce it, and the acts and events giving rise to this action occurred in White Pine County, Nevada.

## GENERAL ALLEGATIONS

13. The Decree adjudicated the respective rights to the waters of Baker and Lehman Creeks and their tributaries (collectively, "the Creeks").

14. The Plaintiffs hold the following water rights under the Decree with the following priority dates:

3

    a. Plaintiff Baker Ranches, Inc.'s share of Proof of Appropriation No. 01066 is appurtenant to 1,751.87 acres and has a priority date between 1872 to 1904.

    b. Plaintiff David John Eldridge and Ruth Eldridge Family Living Trust's share of Proof of Appropriation No. 01066 is appurtenant to 8.8 acres and has a priority date of 1872.

    c. Plaintiffs Zane Jordan's and Judee Shaley's share of Proof of Appropriation No. 01066 is appurtenant to 7.13 acres and has a priority date of 1876.

15. The National Park Service claims to be the successor-in-interest to two water rights adjudicated under the Decree, Proofs of Appropriation Nos. 01065 and a portion of No. 01066. Proof of Appropriation No. 01065 is appurtenant to 7.5 acres and has a priority date of 1890. The National Park Service's share of Proof of Appropriation No. 01066 is appurtenant to 25 acres and has a priority date of 1904.

16. What is now the Park was previously managed by the United States Forest Service as part of the Nevada National Forest, which was withdrawn from the public domain and created on February 10, 1909.

17. The Nevada National Forest was later incorporated into the Humboldt National Forest on Oct. 1, 1957.

18. The Park was created on October 27, 1986 by Public Law 99-565 ("the GBNP Enabling Act"), which indicated that withdrawal of lands for the Park was "subject to valid existing rights."

19. The GBNP Enabling Act makes clear that creation of the Park "shall [not] be construed to establish a new express or implied reservation to the United States of any water or water-related right with respect to" the lands withdrawn for the Park, and "[n]o provision of this Act shall be construed as authorizing the appropriation of water, except in accordance with the substantive and procedural law of the State of Nevada." 16 U.S.C. §410mm-1(h).

///

20. The Decree provides, inter alia, the following:

That the Judgment and Decree to be hereinafter entered should provide that each and every water user of the Baker and Lehman Creeks stream system and its tributaries, and each of agents, attorneys, servants, employees, and their respective successors in interest, and each and every person acting in aid or assistance of said parties, or either or any of them, be perpetually enjoined and restrained as follows, to-wit:

(a) From at any time diverting or using or preventing or obstructing the flow, in whole or in part, in or along its natural channel, of any of the water or said stream system, except to the extent and in the amount and in the manner and at the time or times fixed by this Decree and allocated, allowed, prescribed, and determined to such parties respectively, and as may be allowed in the permits which have been or may hereafter be granted by the State Engineer of the state of Nevada.

(b) From diverting from the natural channel and from using any of the said water for irrigation or any other purpose in excess of the amount specifically allotted to or for said party herein and fixed by this Decree, or in excess of the specified allotment under such permit or permits so heretofore granted or which may hereafter he granted by said State Engineer.

(c) From diverting from the natural channel and from using any of the said waters in any other manner or for any other purpose or purposes or upon any other land or lands or in any other amount than as provided and prescribed by the terms or this Decree or by any such permit so granted by said State Engineer.

(d) From diverting from the natural channel and from using any of the said water at any other time or times than as specified and provided by the terms of this Decree or by any such permit so granted by the said State Engineer.

(e) From in any manner meddling with, opening, closing, changing, injuring, or interfering with any headgates, weirs, water-boxes, flumes, or measuring devices, or either or any of them, placed, installed, established, or approved by said State Engineer or by his authority or direction, unless such act be done with the permission or authority of the water commissioner or commissioners on said stream system during the period of his regulation or control of said water, or, if not done during such period of his control, then by virtue or the allowances, authority, terms, and provisions of this Decree or by a permit so granted by said State Engineer.

21. Baker and Lehman Creeks flow through the Park.

22. The point at which the Plaintiffs divert water from Baker and Lehman Creeks is downstream of the Park boundary and outside the Park.

23. A Notice of Location of Water Right By Willard Burbank, recorded in the official records of White Pine County in Book 34, pages 205-208 at the request of George W.

5

Baker, who is a predecessor in interest to the Plaintiffs, identifies the original point of diversion from Baker Creek located within the boundaries of what is now the Park and indicates that it had been in use for 15 years, which would date it to 1872.

24. The place of use of the Plaintiffs' water rights is in White Pine County, Nevada, outside the Park boundary.

25. The availability of water flows to satisfy Plaintiffs' decreed water rights depends on the unobstructed, undiverted and unconsumed flow of water in the Creeks through the Park.

26. Defendants operate campgrounds along Lehman Creek and Baker Creek for which they have no water rights.

27. Defendants are diverting and using tributary water from Baker and Lehman Creeks at the campgrounds without a water right, thereby violating the Decree and interfering with Plaintiffs' exercise of their senior decreed rights.

28. There are caves, cracks and sinks along the channel of Baker Creek.

29. Historically, Plaintiffs' predecessors have entered into the Baker Creek channel, using machinery and by hand, to build diversions, clear channel obstructions and to move rocks and debris to block the openings of the caves, cracks and sinks to prevent the loss of their decreed water rights.

30. Under Nevada law and the Decree, Plaintiffs have the right to the unobstructed flow of their decreed water rights and the salvage and capture of their decreed water rights before the water is lost into caves, cracks and sinks.

31. Defendants have allowed rocks, debris and vegetation to accumulate and have placed debris and obstructions in the Creeks that obstruct the free flow of water to Plaintiffs' points of diversion and cause Plaintiffs' water rights to be diverted, consumed, an lost into side channels, caves, cracks and sinks.

32. Because of Defendants' acts and omissions, in 2012 and 2020, all of Baker Creek's flow was being lost into a sink along Baker Creek, such that Plaintiffs were deprived

of their decreed rights. No usable flow has existed in Baker Creek downstream from the sink to the confluence of Lehman Creek since 2020.

33. Defendants have prevented Plaintiffs – with threat of law enforcement action – from entering into the Park to remove obstructions to flow and to prevent their decreed water rights from being lost into caves, cracks and sinks.

34. Defendants have not moved rocks, debris and other obstructions to the flow so that all of Plaintiffs' decreed rights reach their points of diversion.

35. By preventing Plaintiffs from exercising the full amount of their decreed rights, Defendants seek to unlawfully augment water resources within the Park without a right to do so.

36. Plaintiffs are injured by the actions and inactions of Defendants and Defendants' threat of law enforcement action that prevents Plaintiffs from entering onto Park property to preserve and protect the flow to satisfy their senior decreed rights.

37. Defendant NPS has engaged in decades of unnatural fire suppression activities, resulting in the proliferation of vegetation and debris in the Creeks that did not exist at the time Plaintiffs' predecessors established their decreed rights.

38. Riparian areas along the Creeks are now choked with vegetation and debris that did not exist at the time Plaintiffs established their decreed rights.

39. The vegetation and debris are consuming and evapotranspiring the water that is decreed to Plaintiffs and obstructing the flow of water to Plaintiffs' points of diversion.

40. The vegetation and debris dam and cause water to leave the natural channels of Baker and Lehman Creeks, which in turn causes evaporation and loss of Plaintiffs' decreed rights and prevents the full amount of Plaintiffs' decreed rights from reaching their points of diversion.

41. Defendants have planted vegetation along a newly braided channel in Lehman Creek, thereby consuming Plaintiffs' senior decreed rights and preventing Plaintiffs' decreed rights from reaching Plaintiffs' points of diversion.

## FIRST CLAIM FOR RELIEF
### (Enforcement of Decree)

42. Plaintiffs repeat and incorporate the allegations contained in the preceding paragraphs as if set forth verbatim herein.

43. The Court retains equity jurisdiction to enforce the terms of the Decree.

44. Through the acts and omissions described herein, Defendants are interfering with and preventing Plaintiffs from exercising their decreed rights.

45. Through the acts and omissions described herein, Defendants are consuming water that belongs to others, in violation of the Decree.

46. Through the acts and omissions described herein, Defendants are using water that belongs to others for the benefit of Park resources for which Defendants lack any water rights.

47. Through the acts and omissions described herein, Defendants are consuming water in excess of their decreed rights.

48. Plaintiffs have been and continue to be irreparably injured by the acts of Defendants.

49. Plaintiffs' injuries cannot be satisfied with compensatory damages.

50. In order to prevent Defendants from continuing to violate the Decree, the Court must exercise its equitable powers to enjoin Defendants from interfering with Plaintiffs' exercise of their senior decreed rights and to hold Defendants in contempt of Court for their violations of the Decree.

WHEREFORE, Plaintiffs pray for relief as follows:

1. That this Court enter an Order enjoining Defendants, under penalty of contempt, as follows:

    a. Defendants shall refrain from diverting and using tributary water from Baker and Lehman Creeks at the campgrounds.

    b. Defendants shall refrain from interfering with Plaintiffs' efforts to remove obstructions and debris from the Baker and Lehman Creek channels; to

move rocks and debris to block caves, sinks and seeps; to prevent braiding; to redirect water back into the channel; and to otherwise maximize the flows of Baker and Lehman Creeks from their sources to Plaintiffs' points of diversion, pursuant to the law of prior appropriation. *See Tonkin v. Winzell*, 27 Nev. 88, 73 P. 593, 595 (1903); *Ennor v. Raine*, 27 Nev. 178, 74 P. 1, 2 (1903); *Buckers Irr., Mill. & Imp. Co. v. Farmers' Indep. Ditch Co.*, 72 P. 49, 50 (Colo. 1902).

    c. Alternatively, Defendants shall remove obstructions and debris from the Baker and Lehman Creek channels; move rocks and debris to block caves, sinks and seeps; to prevent braiding and the formation of side channels due to obstructions in the channel; redirect water back into the channel; and otherwise ensure the unobstructed and undiverted flows of Baker and Lehman Creeks from their sources to Plaintiffs' points of diversion.

    d. Defendants shall refrain from threatening Plaintiffs with law enforcement action or criminal prosecution, or prosecuting Plaintiffs for Plaintiffs' actions to protect and preserve Plaintiffs' decreed rights.

    e. Defendants shall refrain from diverting water in any manner other than as allowed under the Decree or in excess of their decreed rights.

    f. Defendants shall refrain from planting vegetation in the riparian corridors of Baker and Lehman Creeks or otherwise consuming tributary water.

    g. Defendants shall refrain from felling trees or other vegetation in the channels of Baker and Lehman Creeks.

2. For costs and fees to be awarded to Plaintiffs due to having to bring this action to enforce the Decree.

3. Such other and further relief as the Court may deem proper.

///
///
///

# AFFIRMATION

The undersigned does hereby affirm that the preceding document does not contain the Social Security number of any person.

DATED: March 19, 2021

LEONARD LAW, PC

*[signature: Debbie Leonard]*

DEBBIE LEONARD (NSBN 8260)
955 S. Virginia Street, Suite 220
Reno, NV 89502
775-964-4656
debbie@leonardlawpc.com

*Attorney for Plaintiffs*