# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Baker Ranches, Inc., *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>Deb Haaland, *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 3:21-cv-00150-GMN-CSD<br><br>**ORDER** |

Pending before the Court is the Motion to Remand, (ECF No. 8), filed by Plaintiffs Baker Ranches, Inc., David John Eldridge, Ruth Eldridge, and Zane Jordan (collectively, "Plaintiffs"). Defendants Deb Haaland, as Secretary of the United States Department of the Interior, Shawn Benge, as Acting Director of the National Park Service, and James Woolsey, as Superintendent of the Great Basin National Park (collectively, "Defendants") filed a Response, (ECF No. 25), and Plaintiffs filed a Reply, (ECF No. 31).

For the reasons discussed below, Plaintiffs' Motion to Remand, is **GRANTED in part and DENIED in part**.

**I.　BACKGROUND**

This case arises out of Defendants' alleged diversion of the Baker and Lehman Creeks in violation of a water rights decree entered by the State of Nevada's District Court for White Pine County. (*See generally* Compl., ECF No. 1-1). On October 1, 1934, the Nevada state court entered a Findings of Fact, Conclusions of Law, and Decree *In the Matter of the Determination of the Relative Rights in and to the Waters of Baker and Lehman Creeks and Tributaries in the County of White Pine, State of Nevada* (the "Baker-Lehman Decree"). (Compl. ¶ 1); (Baker-Lehman Decree, Ex. 2 to App. Mot. Remand, ECF No. 10). The Baker-Lehman Decree adjudicated the respective rights to the waters of Baker and Lehman Creeks and their

tributaries, "the whole of said stream system being within said White Pine County, State of Nevada." (Compl. ¶ 13); (Baker-Lehman Decree 1:14–15, Ex. 2 to App. Mot. Remand).

The process of establishing the Baker-Lehman Decree began in 1925, when the State Engineer of Nevada elected to determine the relative water rights of the various claimants for Baker and Lehman Creeks. (Baker-Lehman Decree 4:24–5:7, Ex. 2 to App. Mot. Remand). The State Engineer published notices in the newspaper and sent mailings to all persons that may have had an interest in the proceedings, explaining that anyone with an interest in the water usage of the creeks was required to claim their rights with the State Engineer. (*Id.* 5:7–6:26). In 1931, all claimants entered into a stipulation settling their respective rights to the use of the water. (*Id.* 6:27–24). On April 7, 1933, the State Engineer filed an Order of Determination for the water rights with the state court, mailing a copy to all claimants, and giving a time to file objections. (*Id.* 7:25–8:15). On August 11, 1933, the state court held a hearing on the Order of Determination, and subsequently entered the Baker-Lehman Decree on October 1, 1934. (*Id.* 9:7–11, 39:15). At the conclusion of the proceedings, the state court found that "all and singular orders and notices required by [the] Water Code of this State were duly made and given as required by law and all and singular the proceedings required by law to be had were duly had as required by said Water Code." (Baker-Lehman Decree 9:13–17, Ex. 2 to App. Mot. Remand).

The Baker-Lehman Decree provides:

> That the Judgment and Decree to be hereinafter entered should provide that each and every water user of the Baker and Lehman Creeks stream system and its tributaries, and each of agents, attorneys, servants, employees, and their respective successors in interest, and each and every person acting in aid or assistance of said parties, or either or any of them, be perpetually enjoined and restrained as follows, to-wit:
>
>> (a) From at any time diverting or using or preventing or obstructing the flow, in whole or in part, in or along its natural channel, of any of the water or said stream system, except to the extent and in the amount and in the manner and at the time or times fixed by this Decree and allocated,

>allowed, prescribed, and determined to such parties respectively, and as may be allowed in the permits which have been or may hereafter be granted by the State Engineer of the state of Nevada.
>
>(b) From diverting from the natural channel and from using any of the said water for irrigation or any other purpose in excess of the amount specifically allotted to or for said party herein and fixed by this Decree, or in excess of the specified allotment under such permit or permits so heretofore granted or which may hereafter he granted by said State Engineer.
>
>(c) From diverting from the natural channel and from using any of the said waters in any other manner or for any other purpose or purposes or upon any other land or lands or in any other amount than as provided and prescribed by the terms or this Decree or by any such permit so granted by said State Engineer.
>
>(d) From diverting from the natural channel and from using any of the said water at any other time or times than as specified and provided by the terms of this Decree or by any such permit so granted by the said State Engineer.
>
>(e) From in any manner meddling with, opening, closing, changing, injuring, or interfering with any headgates, weirs, water-boxes, flumes, or measuring devices, or either or any of them, placed, installed, established, or approved by said State Engineer or by his authority or direction, unless such act be done with the permission or authority of the water commissioner or commissioners on said stream system during the period of his regulation or control of said water, or, if not done during such period of his control, then by virtue or the allowances, authority, terms, and provisions of this Decree or by a permit so granted by said State Engineer.

(Compl. ¶ 20); (Baker-Lehman Decree 26:6–27:18, Ex. 2 to App. Mot. Remand).

Plaintiffs hold water rights under the Baker-Lehman Decree. (Compl. ¶ 14). Plaintiffs also explain that the National Park Service is the successor-in-interest to water rights adjudicated under the Baker-Lehman Decree because the Baker and Lehman Creeks flow through Great Basin National Park (the "Park"). (*Id.* ¶¶ 15, 21). Defendants confirm that the United States holds two water rights covered under the Baker-Lehman Decree that the United

States acquired after the Decree was initially issued. (Resp. 5:26–28, ECF No. 25).  Plaintiffs allege that the availability of water flows to satisfy their decreed water rights depends on the unobstructed, undiverted, and unconsumed flow of water through the Park. (Compl. ¶ 27). However, Plaintiffs claim that Defendants are diverting water from the creeks for use at Park campgrounds without a water right to do so, in violation of the Baker-Lehman Decree. (*Id.* ¶ 27).  Plaintiffs also claim that Defendants' land management practices allow debris to accumulate in the creeks, which further blocks and diverts the water, depriving Plaintiffs of their decreed rights. (*Id.* ¶¶ 31, 37–41).  Finally, Plaintiffs assert that Defendants neither allow Plaintiffs to enter the Park to remove obstructions from the creeks, nor remove obstructions themselves. (*Id.* ¶ 33–34).

In their prayer for relief, Plaintiffs ask the Court to enjoin Defendants from: (1) diverting and using tributary water from Baker and Lehman Creeks at campgrounds; (2) interfering with Plaintiffs' efforts to remove obstructions from the creeks (or alternatively, the Court should order Defendants to remove obstructions); (3) threatening Plaintiffs with law enforcement action when Plaintiffs attempt to protect their decreed rights; (4) diverting water in any manner other than as allowed under the Baker-Lehman Decree; (5) planting vegetation in the riparian corridors of the creeks or otherwise consuming tributary water; and (6) felling trees or other vegetation in the creek channels. (*Id.* 8:22–9:22).

Plaintiffs originally filed this case in the Nevada Seventh Judicial District Court, White Pine County, alleging one cause of action: Enforcement of Decree. (*Id.* ¶¶ 42–50, ECF No. 1-1).  Defendants removed to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1442(a)(1), alleging a federal defense of sovereign immunity. (Pet. Removal 2:8–11, ECF No. 1).  Plaintiffs now petition the Court to remand this case for lack of subject matter jurisdiction because the state court has primary exclusive jurisdiction over its own water rights decree. (Mot. Remand, 21:1–4, ECF No. 8).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. DISCUSSION

Plaintiffs argue that this case should be remanded because, pursuant to Ninth Circuit precedent in *State Engineers v. South Fork Band of the Te-Moak Tribe of West Shoshone Indians of Nevada*, 339 F.3d 804 (9th Cir. 2003), the Nevada state court has prior exclusive jurisdiction over the administration of the Baker-Lehman Decree, and thus, Defendants improperly removed. (Mot. Remand 15:22–17:10, ECF No. 8). Defendants counter that they properly removed this case pursuant to 28 U.S.C. § 1442(a)(1), and that the Court should retain this case because it has independent subject matter jurisdiction based on Defendants' sovereign immunity defense. (Resp. 6:1–9:8, ECF No. 25). The Court must determine which of two seemingly competing theories of jurisdiction, prior exclusive jurisdiction or federal officer removal under 28 U.S.C. § 1442(a)(1), prevails in this case.

The prior exclusive jurisdiction doctrine derives from the principle "that when a court of competent jurisdiction has obtained possession, custody, or control of a particular property, that possession may not be disturbed by any other court." *Te-Moak Tribe*, 339 F.3d at 809 (quoting 14 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3631, at 8 (3d ed. 1998)). Prior exclusive jurisdiction prevails when "the court hearing the second suit [cannot] adjudicate personal claims to property without disturbing the first court's jurisdiction over the res." *Id.* at 811. In the Ninth Circuit, prior exclusive jurisdiction is consistently applied in the water rights context as a mandatory jurisdictional limitation. *Compare Te-Moak Tribe*, 339 F.3d at 814 (a state court that entered a water rights decree has prior exclusive jurisdiction over any proceedings concerning the administration of the decree), *with United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007 (9th Cir. 2007) (a federal court that entered a water rights decree has prior exclusive jurisdiction over any proceedings concerning the administration of the decree).

In contrast, the federal officer removal statute provides:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). "To invoke § 1442(a)(1) removal, a defendant in a

state court action 'must demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)).

In *Te-Moak Tribe*, the Ninth Circuit considered prior exclusive jurisdiction in the context of removal under 28 U.S.C. § 1442(a)(1). *Te-Moak Tribe* concerns the administration of water rights under the ninety-year-old Humboldt Decree entered by Nevada's Sixth Judicial District Court. *Te-Moak Tribe*, 339 F.3d at 807. After the state court entered the Humboldt Decree, the United States purchased five ranches subject to the decree to create a reservation for the South Fork Band of the Te-Moak Tribe of Western Shoshone Indians. *Id.* Over the years, the Te-Moak Tribe eventually began prohibiting the state's water commissioner from entering the reservation to assess whether all beneficiaries of the Humboldt Decree were receiving their decreed share of water. *Id.* at 808. As a result, the State Engineer of Nevada initiated contempt proceedings under the Humboldt Decree in state court against the Te-Moak Tribe, with the United States, as the deeded landowner of the reservation, joined as a necessary party. *Id.* The United States removed the case to federal court under 28 U.S.C. § 1442(a)(1). *Id.* The Ninth Circuit found that while § 1442(a)(1) allows the federal government to remove a case to federal court, "it does not determine whether a court has jurisdiction to hear it." *Id.* at 809. Further, the Ninth Circuit held that a state court that has adjudicated a water decree retains exclusive jurisdiction over its administration, and thus, the federal court lacked subject matter jurisdiction over the case. *Id.* at 811, 814.

The present case is directly analogous to *Te-Moak Tribe* because both cases involve: (1) a prior adjudication by the Nevada state court of the water rights in a stream system; (2) the subsequent acquisition by the United States of land subject to the state

court's water rights decree; (3) a lawsuit initiated in state court to enforce the decree based on the United States' alleged failure to comply with the decree's terms; and (4) removal by the United States to federal court under § 1442(a)(1). Since Plaintiffs' complaint concerns the administration of a water rights decree issued by a state court, *Te-Moak Tribe* governs, and the state court has prior exclusive jurisdiction over this case. *Te-Moak Tribe*, 339 F.3d at 811. Put differently, even though Defendants properly removed this case under § 1442(a)(1), the state court's prior exclusive jurisdiction over the Baker-Lehman Decree acts as a "specific jurisdictional bar" to this Court's subject matter jurisdiction. *Id.* at 809. Further, this Court could not grant Plaintiffs' request for injunctive relief without "disturbing the first court's jurisdiction over the res." *Id.* at 811. Accordingly, remand for lack of subject matter jurisdiction is required. *Id.* at 810, 814 (the doctrine of prior exclusive jurisdiction "is a mandatory jurisdictional limitation").

Defendants attempt to distinguish the present case from *Te-Moak Tribe* by pointing out that "the removal in *Te-Moak Tribe* was not based on an assertion of sovereign immunity, or on any federal defense." (Resp. 10:12–13, ECF No. 25). As such, Defendants argue that the legal issue presented in *Te-Moak Tribe* does not apply here. (*Id.* 10:10–19). However, the Ninth Circuit explicitly states that the legal issue in *Te-Moak Tribe* was "whether a state court that has adjudicated a water decree retains exclusive jurisdiction over its administration," which is the exact issue at stake here. 339 F.3d at 807. Further, regardless of the presence of a federal defense, the removal statute at issue both here and in *Te-Moak Tribe* is § 1442(a)(1). In *Te-Moak Tribe*, the Ninth Circuit was very clear that, while § 1442(a)(1) creates grounds for proper removal, it does not independently confer subject matter jurisdiction on a federal court, particularly when that federal court is competing with a state court's prior exclusive jurisdiction. *Id.*

at 809.¹  Neither *Te-Moak Tribe*, nor any subsequent case law provided by Defendants, carves out an exception to the dominance of prior exclusive jurisdiction for removal under § 1442(a)(1) based on a colorable federal defense, and thus, the Court finds no reason to create one here.

Defendants also provide several alternative arguments, essentially claiming that the Baker-Lehman Decree does not apply to the United States.  For example, Defendants argue that: (1) this case is not a proper administration action because it was not initiated by the State Engineer;² and (2) the United States is neither a party to, nor bound by, the Baker-Lehman Decree because the United States was not included in the Decree's adjudication. (*See* Resp. 10:20–13:11).  However, any questions related to the administration, validity, or scope of the Baker-Lehman Decree are more appropriately decided by the state court, as the court with prior exclusive jurisdiction. *Cf United States*

---

¹ Plaintiffs also ask the Court to award attorney fees and costs.  However, because defendants had "an objectively reasonable basis for removal" under 28 U.S.C. § 1442(a)(1) (the federal officer removal statute), the Court declines to award Plaintiffs' attorney fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal").

² The question of whether this case is actually a suit for the administration of the Baker-Lehman Decree could be an appropriate inquiry for this Court, since the state court has prior exclusive jurisdiction only over the *administration* of the decree.  However, in this case, Defendants provide no authority to support the proposition that only the State Engineer may initiate administration actions. (*See* Resp. 10:20–12:10, ECF No. 25).  To the contrary, case law indicates that "the statutory provisions of the Nevada water law empowering the State Engineer to take certain administrative steps following the entry of the decree are not exclusive." *See United States v. Hennen*, 300 F. Supp. 256, 263–64 (D. Nev. 1968).  Further, Defendants do not explain how a Complaint requesting that the Court enjoin Defendants from "diverting water in any manner other than as allowed under the Baker-Lehman Decree" is not related to the administration of the Baker-Lehman Decree, which explicitly states that "each and every water user of the Baker and Lehman Creeks . . . and . . . their respective successors in interest . . . be perpetually enjoined . . . [f]rom at any time diverting or using or preventing or obstructing the flow, in whole or in part, in or along its natural channel, of any of the water or said stream system." (Compl. 9:17–18, ECF No. 1-1); (Baker-Lehman Decree 26:6–27:18, Ex. 2 to App. Mot. Remand, ECF No. 10). *See also Hennen*, 300 F. Supp. at 263 ("To administer a decree is to execute it, to enforce its provisions, to resolve conflicts as to its meaning, to construe and to interpret its language.").  Accordingly, for the purposes of remand Defendants have not met their burden to demonstrate that administration is at issue, and thus, any remaining challenges as to administration should be left for the state court to interpret.

*v. Hennen*, 300 F. Supp. 256, 263 (D. Nev. 1968) ("To administer a decree is to execute it, to enforce its provisions, to resolve conflicts as to its meaning, to construe and to interpret its language."). Accordingly, the Court grants Plaintiffs' Motion to Remand.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 8), is **GRANTED in part and DENIED in part**.[3]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Excess Pages, (ECF No. 30), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Order to Show Cause, (ECF No. 9), and Defendants' Motion to Dismiss, (ECF No. 34), are **DENIED as moot**.

The Clerk of Court shall close this case.

**DATED** this __22__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] Plaintiff's Motion to Remand is denied to the extent that it requests an award of attorney's fees and costs.